Chief Justice Mike McGrath, dissenting.
*415 ¶32 The District Court was correct. The plain meaning of the relevant statutes is clear and unambiguous. It is undisputed that dividends received are income. Section 15-31-325(4), MCA, provides that 80% of ***314 those dividends must be excluded from income. It stands to reason that if 80% are excluded, then 20% of the received dividends must be included. As such, I.R.C. § 243 does not apply and the majority's reliance on Baker Bancorporation is misplaced.
¶33 As noted, for taxable years 2008-2010 Exxon Mobil made a water's-edge election, which allows them to exclude foreign incorporated entities and domestic incorporated but foreign operating entities that had less than 20% of their payroll and property within the United States. In computing the combined income for the water's-edge group, Exxon correctly included the after-tax net income it received from the 80/20 companies, and then excluded 80%. However, for dividends received from these 80/20 companies, Exxon claimed a 100% deduction. The Department contends, and the District Court held, that only 80% of dividends may be deducted pursuant to § 15-31-325(4), MCA.
¶34 The taxation of dividends for water's-edge purposes is expressly addressed by § 15-31-325, MCA. Section 15-31-325(4), MCA, provides, "[e]ighty percent of all dividends apportionable under this section must be excluded from income subject to apportionment."
¶35 If the intent of the Legislature can be determined from the plain meaning of the words used, the plain meaning controls, and this Court need go no further nor apply any other means of interpretation. Bullock v. Fox , 2019 MT 50, ¶ 52, 395 Mont. 35, 435 P.3d 1187 ; Mont. Vending, Inc. v. Coca-Cola Bottling Co. , 2003 MT 282, ¶ 21, 318 Mont. 1, 78 P.3d 499.
¶36 Montana law does address the appropriation of dividend income; thus, the federal dividend deduction under I.R.C. § 243 does not apply.
¶37 Generally, in considering a tax statute that is susceptible of two constructions questions as to persons or property to be included in the tax should be resolved in favor of the taxpayer. Cherry Lane Farms of Mont. v. Carter , 153 Mont. 240, 249, 456 P.2d 296, 301 (1969). However, questions of whether a taxpayer is entitled to a particular deduction is resolved in favor of the Department. State ex rel. Anderson v. State Bd. of Equalization , 133 Mont. 8, 13, 319 P.2d 221, 224 (1957).
¶38 This dispute should be resolved in favor of the Department. I dissent.